1

2                   IN THE UNITED STATES DISTRICT COURT FOR THE
                       WESTERN DISTRICT OF MISSOURI
3                              WESTERN DIVISION

4
   UNITED STATES OF AMERICA,       ) Case No. 20-00224-01-CR-W-DGK
5                                  )
              Plaintiff,           ) Kansas City, Missouri
6                                  ) September 1, 2020
   v.                              )
7                                  )
   BRIAN PONTALION,                )
8                                  )
              Defendant.           )
9   _____)

10
              TRANSCRIPT OF ARRAIGNMENT AND DETENTION HEARING
11               BEFORE THE HONORABLE JILL A. MORRIS
                    UNITED STATES MAGISTRATE JUDGE
12

13  APPEARANCES:

14  For the Plaintiff:              Ms. Emily A. Morgan
                                    Assistant United States Attorney
15                                  400 E. Ninth St., Ste. 5510
                                    Kansas City, MO  64106
16                                  (816) 426-3122

17  For the Defendant:              Ms. Ronna Holloman-Hughes
                                    Federal Public Defender's Off.
18                                  1000 Walnut Street, Ste. 600
                                    Kansas City, MO  64106
19                                  (816) 471-8282

20  Court Audio Operator:          Ms. Joella Baldwin

21  Transcribed by:                 Rapid Transcript
                                    Lissa C. Whittaker
22                                  1001 West 65th Street
                                    Kansas City, MO  64113
23                                  (816) 914-3613

24

25  Proceedings recorded by electronic sound recording, transcript
    produced by transcription service.

1    (Court in Session at 8:59 a.m.)

2    THE COURT:  Thank you.  Good morning.  Please be seated.

3    Good morning.  We're here on case 20-mj-107-JTM, *United States of*

4    *America vs. Brian Pontalion*.  May I please have appearances?

5    MS. MORGAN:  Emily Morgan on behalf of the United

6    States, Your Honor.

7    THE COURT:  Good morning, Ms. Morgan.

8    MS. MORGAN:  Morning, Judge.

9    MS. HOLLOMAN-HUGHES:  Good morning.  Ronna Holloman-

10   Hughes on behalf of Mr. Pontalion, who appears in custody.

11   THE COURT:  Yes.  Good morning, Ms. Holloman-Hughes.

12   Good morning, Mr. Pontalion.  Sir, in this proceeding, I'll be

13   advising you of the charges against you and of your

14   constitutional rights.  These rights do include your right to

15   counsel and your right to remain silent.  You are entitled to an

16   attorney in this case, and you may consult with that attorney and

17   be represented in all stages of the proceedings, both inside and

18   outside of court.  Your attorney may also be present during any

19   questioning by authorities.  You do have the right to retain

20   counsel of your own choosing.  If you cannot afford an attorney,

21   the court will appoint one for you.  Sir, do you understand your

22   right to an attorney?

23   MR. PONTALION:  Yes.

24   THE COURT:  Okay.  And we have the Federal Public

25   Defender's Office, Ms. Holloman-Hughes here, I believe, on

1  standby.  Is that correct?

2      MS. HOLLOMAN-HUGHES:  I believe the Court asked us to be

3  here and has or will be appointing us to the --

4      THE COURT:  Yes, yes.  And, sir, are you wanting the

5  Court to appoint counsel for you?

6      MR. PONTALION:  Not by -- I've already got counsel

7  appointed.

8      THE COURT:  I'm sorry?

9      MR. PONTALION:  No.  Not by -- I've already have counsel

10 appointed.

11     MS. HOLLOMAN-HUGHES:  He doesn't understand that I have

12 not been appointed yet.

13     THE COURT:  Okay.  Okay.

14     MS. HOLLOMAN-HUGHES:  So, he's asking -- yes.

15     MR. PONTALION:  Okay.  Yes.

16     THE COURT:  Okay.  Thank you.  I will appointing the

17 Federal Public Defender's Office then, and again, for the record,

18 we do have Ms. Holloman-Hughes here to represent you today.

19 Thank you.  Your counsel will assist you in filling out that

20 financial affidavit that I mentioned the other day, and it will

21 be filed with the court under penalty of perjury.  So, it's

22 important that you're honest on that form.  Sir, you also have

23 the right to remain silent.  You're not required to make any

24 statement.  If you have made a statement, you're not required to

25 say any more.  If you start making a statement, you may stop at

1  any time.  You may also consult with an attorney before any
2  questioning and have an attorney present with you during any
3  questioning.  Please know that if you make a statement, it may be
4  used against you.  Do you understand you have the right to remain
5  silent?

6          MR. PONTALION:  Yes, ma'am.

7          THE COURT:  Thank you.  So, a Complaint has been filed
8  against you here in the Western District of Missouri charging you
9  with one count of possession with intent to distribute
10 methamphetamine.  Ms. Morgan, could you please read the Complaint
11 and the range of punishment?

12         MS. MORGAN:  Yes, Your Honor.  Count One alleges on or
13 about August 26th, 2020, in the Western District of Missouri, the
14 defendant, Brian Pontalion, did knowingly and intentionally
15 possess with the intent to distribute 50 grams or more of a
16 mixture or substance containing a detectable amount of
17 methamphetamine, contrary to the provisions of Title 21, United
18 States Code, Section 841(a)(1) and (b)(1)(B).  The penalties are
19 not less than five years imprisonment, not more than 40 years
20 imprisonment, not more than a $5 million fine, not less than four
21 years supervised release.  It is a Class B felony, and there is a
22 $100 mandatory special assessment.

23         THE COURT:  Sir, do you understand the charges you face?
24         MR. PONTALION:  Yes, Your Honor.
25         THE COURT:  Okay.  And since you were charged by way of

1 a Criminal Complaint, you do have the right to the preliminary

2 hearing today where this Court will determine whether or not

3 there's probable cause that a crime was committed -- whether

4 there's probable cause to believe that a crime was committed and

5 that you committed that crime.  Counsel, are there any

6 stipulations?

7      MS. MORGAN:  Yes, Your Honor.  The Government would

8 offer to stipulate that, if called to testify and placed under

9 oath, Detective Massey would testify consistent with the

10 Affidavit that was attached to and sworn to by Detective Sipple

11 for the Complaint.

12      MS. HOLLOMAN-HUGHES:  We agree to enter into that

13 stipulation, Your Honor.

14      THE COURT:  Okay.  Thank you.  Ms. Holloman-Hughes, do

15 you anticipate cross-examining the detective who's here on behalf

16 of the affiant?

17      MS. HOLLOMAN-HUGHES:  No, Your Honor.

18      THE COURT:  Okay.  Any further proffers or evidence from

19 the Government?

20      MS. MORGAN:  No, Your Honor.

21      THE COURT:  Just as to probable cause?

22      MS. MORGAN:  No, Your Honor.  Thank you.

23      THE COURT:  Okay.  Ms. Holloman-Hughes, any evidentiary

24 proffers or evidence as to the probable cause determination?

25      MS. HOLLOMAN-HUGHES:  No, Your Honor.

1    THE COURT:  Okay.  I'll entertain argument on that issue

2 for the preliminary portion now.

3    MS. MORGAN:  Your Honor, just briefly.  Two things we

4 have to prove, that a crime was committed and that it was

5 committed by this defendant, and based upon the stipulations of

6 the parties with regard to the Affidavit, we would argue that

7 there is probable cause to show that Brian Pontalion committed

8 this offense of possession with intent to distribute

9 methamphetamine.

10    THE COURT:  Okay.  Ms. Holloman-Hughes?

11    MS. HOLLOMAN-HUGHES:  No argument, Your Honor.

12    THE COURT:  Okay.  Taking into account the evidence, the

13 stipulated evidence and proffer and the information presented

14 today, the Court does find that probable cause has, in fact, been

15 established to believe there's a fair probability that the

16 charged offense was committed, and that this defendant committed

17 it.  We'll now move on to the detention portion of this hearing.

18 I do have the Complaint, as well as the Pretrial Services Report,

19 which was filed August 28th, and the report was prepared by Tanis

20 Humig.  Have both parties received a copy of the report and had

21 an opportunity to review it?

22    MS. MORGAN:  Yes, Your Honor.

23    MS. HOLLOMAN-HUGHES:  Yes, Your Honor.

24    THE COURT:  Do either of you have any corrections or

25 additions to the report?

1    MS. MORGAN:  No corrections, Your Honor, and we would

2 offer to stipulate to the report.

3    MS. HOLLOMAN-HUGHES:  No corrections, and we would enter

4 into that stipulation.

5    THE COURT:  Okay.  And would the parties also -- okay.

6 You stipulated to it.  So, any objections to entering it into

7 evidence, just solely for the limited purposes of the detention

8 determination and limited to the scope of recipients of this

9 report otherwise?

10    MS. MORGAN:  No, Your Honor.  Thank you.

11    MS. HOLLOMAN-HUGHES:  Not for the defense.

12    THE COURT:  Okay.  So admitted with those conditions and

13 limited purpose.  Any other evidence as to the Government's

14 motion to detain here, Ms. Morgan?

15    MS. MORGAN:  No, Your Honor.  Thank you.

16    THE COURT:  Okay.  Any evidence, Ms. Holloman-Hughes, as

17 to detention or release?

18    MS. HOLLOMAN-HUGHES:  No, Your Honor.

19    THE COURT:  Okay.  Ms. Morgan, any argument as to

20 detention?

21    MS. MORGAN:  Yes, Your Honor, just briefly.  This is a

22 rebuttable presumption case.  This is an offense where the

23 maximum penalty is more than ten years.  And in this instance, we

24 are concerned with both the danger that this defendant presents

25 to the community, as well as the flight risk.  We do have the

1  nature and circumstances of this offense.  We do have this

2  defendant's criminal history.  And then also the facts and

3  circumstances of this particular offense present both a danger to

4  the community and a flight risk.  And what I'm alluding to in the

5  facts and circumstances, not just the offense itself, but the

6  defendant's driving behavior.  We first had his erratic driving

7  behavior through downtown before an actual pursuit was occurring.

8  Then there was the car chase when law enforcement was attempting

9  to stop him.  The defendant hit a police car during that.  He

10 then hit a light pole.  And then ultimately, when his car was

11 stop, he tried to flee on foot.  So, for all those reasons, we do

12 not believe there is a single condition or combination of

13 conditions that would both ensure the safety of the community and

14 ensure this defendant's appearance at future hearings.

15      THE COURT:  Ms. Holloman-Hughes, argument as to

16 detention/release?

17      MS. HOLLOMAN-HUGHES:  Your Honor, unfortunately, this

18 young man, I don't think, has a placement that he can go, and he

19 has a case pending in Clay County that, where, likely than not,

20 they will issue a warrant on.  My intent is, because he is so

21 young, he is 19.  He is maybe 120 pounds soaking wet.  I think,

22 you know, of course, the safety of the community is very

23 important, but the fact that he has a serious substance abuse

24 problem is an issue.  And my hope is that I can find a placement

25 that would be suitable for this Court and for Clay County to

1   place him during the pendency of both of these causes.  But at

2   this time, I don't have that, and I plan to revisit that when I

3   do find a suitable placement.

4           THE COURT:  Thank you, Counsel.  Anything further before

5   I make a determination on the Government's motion to detain?

6           MS. MORGAN:  Not for the Government.  Thank you.

7           MS. HOLLOMAN-HUGHES:  No, Your Honor.

8           THE COURT:  Okay.  The Court does note the defendant's

9   age and has grave concerns with the nature of the underlying

10  Complaint brought here.  And the Court also notes that Mr.

11  Pontalion was on bond when this event happened and was alleged to

12  have happened and the number of other offenses were alleged to

13  have happened.  The Court also notes the defendant fleeing, and

14  you know, not only hitting a police car but also a subsequent

15  collision, I believe, with a light pole, and takes note of the

16  pending matter involving assault and armed criminal action, as

17  well as the extensive criminal history.  Given it's a rebuttable

18  presumption case, there has not been sufficient evidence to

19  overcome that presumption, and the Court would further find that

20  it's been established by a preponderance of the evidence that

21  this defendant poses a risk of non-appearance, given lack of ties

22  and questionable employment history, extensive substance abuse

23  history, evading law enforcement in a couple instances now and

24  the other pending state matters.  And the Court further finds

25  that it's been established by clear and convincing evidence that

1  Mr. Pontalion poses a danger to the community and notes, in light

2  of the nature and circumstances of the instant offense, I've

3  already spoken to the substance abuse history, prior adjustment

4  to community supervision was poor, the underlying offenses

5  involving violence and drugs and criminal activity while under

6  supervision, as well as the pending bond and all of those

7  important factors, finds that it is necessary here to detain the

8  defendant, and that there's no condition or combination of

9  conditions that would ensure the safety of the community or the

10 appearance of the defendant.  Again, the Court does note the

11 defendant's age and would be open to a request at some point, if

12 a suitable placement would be proposed.  The Court would want to

13 hear from all parties on that, as well as from Pretrial Services.

14 But this is a juncture at which one has an important decision to

15 make to turn around one's life.  And this is an important

16 juncture.  So, the Court sincerely hopes that this can be a

17 turning point.  Is there anything further that needs to be

18 addressed for this proceeding?

19           MS. MORGAN:  No, Your Honor.  Thank you.

20           THE COURT:  Okay.

21           MS. HOLLOMAN-HUGHES:  Not for the defense.  Thank you.

22           THE COURT:  Okay.  Thank you.  This proceeding is

23 concluded.  Court is in recess.  Is there anything further I

24 needed to set?

25           MS. BALDWIN:  No.

1          THE COURT:  Okay.

2                  (Court Adjourned at 9:12 a.m.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4

5

6          I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
7   above-entitled matter.

8

           /s/ Lissa C. Whittaker          October 29, 2020
9          Signature of transcriber            Date

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25