IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 20-00224-01-CR-W-DGK |
| BRIAN PONTALION, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE
IN OPPOSITION TO DEFENDANT'S MOTION
FOR RECONSIDERATION OF DETENTION ORDER**

The Government respectfully requests that this Court deny the defendant's Motion for Reconsideration of Detention Order filed on October 30, 2020. (Doc. 22.) The defendant's motion is filed pursuant to 18 U.S.C. § 3145(b) for reconsideration of the detention order (Doc. 10) of the Honorable Jill A. Morris, United States Magistrate Judge, directing that the defendant be detained pending trial.

The Court's decision was supported by the record of a detention hearing at which the Government presented substantial evidence to prove the requisite bases for detention — namely, that the defendant would pose a flight risk and a danger to the community if released on bond. There is no reason to disturb the detention order, particularly in a case such as this where there is a statutory presumption in favor of detention.

### I. Procedural History and Background Information

On August 27, 2020, the defendant was arrested on a Complaint filed that same day, charging him with possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(l) and (b)(1)(B). (Doc. 1.) On September 1, 2020, a detention hearing was held before

Judge Morris on the Government's motion for detention. (Doc. 9.) The evidence at the hearing included a stipulation of the parties that the factual contents of the Pretrial Services Report would serve as the direct testimony of the Pretrial Services Officer who prepared the report. (*Id.*)

At the conclusion of the hearing, Judge Morris ordered the defendant detained, finding reason to believe that no condition or combination of conditions of release would reasonably assure the appearance of the defendant and the safety of the community. (Doc. 9.) On September 2, 2020, the Court issued a written detention order. (Doc. 10.) In reaching the decision to detain the defendant, the Court noted the existing rebuttable presumption under 18 U.S.C. § 3142(e)(3). (*Id.*, p. 2.) That presumption is that "no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." (*Id.*) The Court found the rebuttable presumption was applicable "because there is probable cause to believe that the defendant committed one or more of the following offenses [specifically,] an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904) . . . ." (*Id.*)

The Court further found that "[t]he defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis." (*Id.*) That finding, by itself, was sufficient to justify the Court's order of detention. The Court, however, also made additional findings of fact and law. The Court considered the detention factors set forth in 18 U.S.C. § 3142(g) and specifically concluded the defendant must be detained pending trial because the Government has proven: "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community," and "[b]y a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." (*Id.*) The Court noted additional

2

reasons for its ruling noting the following factors: (1) the weight of the evidence against the defendant is strong; (2) the defendant is subject to a lengthy period of incarceration if convicted; (3) the defendant's prior criminal history; (4) the defendant's participation in criminal activity while on probation, parole, or supervision; (5) the defendant's history of violence or use of weapons; (6) the defendant's history of alcohol or substance abuse; (7) the defendant's lack of stable employment; (8) the defendant's prior attempts to evade law enforcement; and (9) the defendant's prior violations of probation, parole, or supervised release. (*Id.* at 2-3). The Court further noted the following in support of its detention order:

> The instant offense included very dangerous driving while law enforcement officers were surveilling the defendant. When defendant began exiting his vehicle, officers approached defendant. He returned to his vehicle and sped away, striking one police vehicle before striking a light pole several blocks away. He then attempted to flee on foot but was quickly apprehended by officers. His criminal record indicates failures to appear, pending felony assault charges, and municipal violations for eluding.

Ultimately, based on these multiple factors, the Court ordered that the defendant be detained. (*Id.* at 3).

## II. Argument and Authorities

This Court should deny the defendant's motion to reconsider detention. The findings of Judge Morris after considering the evidence presented at the detention hearing are still applicable. Measured against the legal standards set forth below, the defendant was properly detained pending trial by Judge Morris, and the only new evidence the defendant presents – his potential placement in the Salvation Army Adult Rehabilitation Center – is insufficient to overcome the applicable presumption of detention.[1]

---

[1] Section 3145(b), which governs a motion for revocation of a magistrate judge's detention order, provides: "If a person is ordered detained by a magistrate judge . . . the person may file,

3

Under the terms of the Bail Reform Act, 18 U.S.C. § 3141, *et seq.*, a defendant shall be detained pending trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). To determine whether such conditions exist, courts consider evidence regarding: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the person; (iii) the history and characteristics of the person, including whether the person was on other release pending trial at the time of the charged offense; and (iv) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id.* § 3142(g). To justify detention, the government must show by clear and convincing evidence that no such conditions will reasonably assure the safety of the community, or by a preponderance of the evidence that no such conditions will reasonably assure the defendant's appearance. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Where, as here, there is probable cause to believe the defendant committed a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One of the Complaint), a statutory presumption in favor of detention arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). As the Eighth Circuit explained:

> In a presumption case such as this, a defendant bears a limited burden of production — not a burden of persuasion — to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the

---

with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. § 3145(b). This Court reviews detention orders under a *de novo* standard. *See, e.g.*, *United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc) (discussing § 3145(b)).

4

> presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.

*Abad*, 350 F.3d at 797 (quotations and citations omitted).

Gauged by these standards, the Government met its burden of proving that the defendant poses a danger to the community and a risk of flight, particularly in light of the statutory presumption in favor of detention. Judge Morris's findings establish the defendant failed to prove by clear and convincing evidence that he was not a danger to the community, or by a preponderance of the evidence that he was not a flight risk. The defendant's current motion relies on nearly the same information available to the Court at the time of his detention hearing. The only difference is that the defendant now alleges that he has a placement in The Salvation Army Adult Rehabilitation Center. (Doc. 22 at 1-2.) However, the Court was aware of the defendant's substance abuse history and did not find that placement in a treatment facility would be appropriate. Instead, the Court determined that "no condition or combination of conditions "will reasonably assure the safety of any other person and the community" and "the defendant's appearance as required." (Doc. 10 at 2.)

The evidence presented by the Government established the defendant would be a risk to the community if released. The Government incorporates the evidence and arguments presented at the defendant's detention hearing. However, it would like to point out a few key pieces of evidence before the Court. Specifically, the facts surrounding the underlying offense involve fleeing from law enforcement officers during a high speed chase that placed the community at risk. Moreover, the weight against the defendant is strong as officers recovered methamphetamine from his possession, and the defendant is facing a potentially lengthy period of incarceration. The defendant also has an extensive criminal history and has failed to comply with conditions

5

of release in the past. In light of the substantial evidence before the Court in favor of detention, the defendant's effort to rebut the presumption in favor of detention merely based on a placement in The Salvation Army Adult Rehabilitation Center is unpersuasive. Therefore, the Government's evidence and the statutory presumption in favor of detention remain unrebutted.

### III. Conclusion

The defendant's motion should be denied based on his continued failure to rebut the presumption in favor of detention. The record makes clear that the Government has met its burden of proving the defendant would pose a danger to the community and a risk of flight if granted pretrial release. Accordingly, there is no reason to disturb Judge Morris's previous ruling. Based on the record before the Court, there is no need for an additional hearing. For all of the foregoing reasons, the Government respectfully requests that this Court deny the defendant's motion to reconsider detention.

Respectfully submitted,

Timothy A. Garrison
United States Attorney

By  */s/ Sarah J. Rasalam*

Sarah J. Rasalam
Special Assistant United States Attorney
Violent Crime & Drug Trafficking Unit

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri  64106
Telephone:  (816) 426-3122

**CERTIFICATE OF SERVICE**

        The undersigned hereby certifies that a copy of the foregoing was delivered on November 13, 2020, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to counsel of record.

        */s/ Sarah J. Rasalam*

        Sarah J. Rasalam
        Special Assistant United States Attorney