IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-00224-01-CR-W-DGK |
| ) | |
| BRIAN PONTALION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending is Defendant's Motion for Reconsideration of Detention Order filed on October 30, 2020. Doc. 22. The Government filed its response on November 13, 2020. Doc. 25. Defendant has not filed a reply, and the time for doing so has passed. L.R. 7.0(c)(3).

**I.      Background**

Defendant is charged with possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 12. The Indictment alleges a range of punishment of no less than 10 years imprisonment, no more than life imprisonment, no more than a $10,000,000 fine, and no less than 5 years supervised release. *Id.*

On September 1, 2020, Defendant appeared for a detention hearing before United States Magistrate Judge Jill A. Morris. Based on the nature of the offense charged, including the potential range of punishment, the Court found the rebuttable presumption set forth in 18 U.S.C. § 3142(e)(3) was applicable and Defendant failed to introduce sufficient evidence to rebut the presumption. Doc. 10. The Court also observed the instant offense involved dangerous driving, including Defendant speeding away from police, colliding with a police vehicle, and striking a light pole several blocks away. *Id.* at 3. The Court further noted Defendant's criminal record included "failures to appear, pending felony assault charges, and municipal violations for eluding." *Id.*

## II.     Discussion

Although Defendant's motion is styled as a "motion for reconsideration" and he requests the Court "reconsider the Detention Order," he cites both 18 U.S.C. §§ 3142 and 3145(b).  Doc. 22, at 1.[1]  The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, provides two avenues through which a release or detention order can be reconsidered.  *See, e.g., United States v. Cisneros,* 328 F.3d 610, 614 (10th Cir. 2003).  Section 3142(f) allows a detention hearing to be "reopened . . . at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person  as required and the safety of any other person and the community."  18 U.S.C. §3142(f).  By its express terms, a reconsideration under section 3142(f) is only permissible when new information would materially influence the detention decision.

Section 3145(b) permits the defendant to file a motion for revocation or amendment of a previous detention order.  This statute provides in pertinent part:

> (b) Review of a detention order.—If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order.  The motion shall be determined promptly.

18 U.S.C. § 3145(b).  A section 3145(b) motion should be considered and ruled upon in the first instance by a district judge (and not a magistrate judge) in the court of original jurisdiction.  *See United States v. Foote*, 898 F.2d 659, 664 (8th Cir. 1990) (noting "a defendant may move for review by the district court of a pretrial detention order entered by a magistrate" (citing 18 U.S.C. § 3145(b))).

---

[1] Defendant's motion also references 18 U.S.C. § 3143, but that section is inapplicable because he is not awaiting imposition or execution of a sentence.  18 U.S.C. § 3143(a).

Since Defendant's motion is styled as a "Motion for Reconsideration," expressly asks the Court to "reconsider" the detention order, and avers new information, the Court construes the motion as being made pursuant to 18 U.S.C. § 3142(f).[2] In the motion, Defendant avers he has applied for and received a bed at the Salvation Army Adult Rehabilitation Center. Doc. 22 at 1. Defendant contends he "will receive substance abuse treatment while simultaneously ensuring community safety." *Id.* at 1-2. There are no further factual averments supporting his motion.

The Court finds this new information has no material bearing on whether conditions of release exist that will reasonably assure Defendant's appearance and the safety of the community. As noted above, Congress by statute has directed the Court to presume there are no such conditions of release under 18 U.S.C. § 3142(e)(3). Although bed space at a rehabilitation center appears to be information unknown at the time of the original detention hearing, the Court finds this information would not have changed the outcome of the detention hearing and is not material to whether there are conditions that could reasonably assure the Defendant's appearance as required or the safety of the community.

Based on the foregoing, Defendant's Motion for Reconsideration of Detention Order is DENIED under 18 U.S.C. § 3142(f). This denial is WITHOUT PREJUDICE to the extent Defendant seeks a future motion to revoke or amend the detention order under 18 U.S.C. § 3145(b).

**IT IS SO ORDERED.**

DATE: November 30, 2020   */s/ W. Brian Gaddy*
                          W. BRIAN GADDY
                          UNITED STATES MAGISTRATE JUDGE

---

[2] The Court also notes Defendant's Motion for Reconsideration does not ask for relief referenced in section 3145(b), including a request that the detention order be revoked or amended.