IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-00224-01-CR-W-DGK |
| ) | |
| BRIAN PONTALION, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On September 8, 2020, the grand jury returned an indictment that charged Defendant Pontalion with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Doc. 12.

On March 30, 2021, Defendant filed a motion seeking a continuance of the May 3, 2021 trial setting. Doc. 29. According to defense counsel, additional time is necessary to "review the agreement that has been reached." *Id*. at 2. Defense counsel indicates that Defendant and the Government have no objection to the requested continuance. *Id*.

In any case in which a plea of not guilty is entered, the defendant's trial shall commence within seventy days from the filing of the information or indictment or the date of the defendant's first appearance, whichever comes last. 18 U.S.C. § 3161(c)(1) (Speedy Trial Act). In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendant in a speedy trial, provided the Court sets forth the reasons for such finding. *See* 18 U.S.C. § 3161(h)(7)(A). Time spent on plea negotiations is considered one of the "proceedings concerning the defendant" under section 3161(h)(1) that is excludable. *See United States v. Van Someren*, 118 F.3d 1214, 1218-19 (8th Cir. 1997).

In light of counsel's need for additional time to review the agreement that has been reached between the parties, the Court finds it would be unreasonable to expect counsel to prepare this case for trial prior to May 3, 2021, and thus, would deny Defendant a right to effective assistance of counsel. Upon consideration of the factors set forth in 18 U.S.C. § 3161(h)(7)(B), the Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial. The Court, in ordering this case removed from the May 3, 2021 Joint Criminal Jury Trial Docket, is not doing so because of congestion of the Court's calendar, in accordance with 18 U.S.C. § 3161(h)(7)(C).

For these reasons, it is

ORDERED that Defendant's motion to continue is GRANTED. This case is removed from the May 3, 2021 Joint Criminal Jury Trial Docket and is set for trial on the Joint Criminal Jury Trial Docket that commences on July 12, 2021. It is further

ORDERED that a pretrial conference is set for June 24, 2021, at 1:30 p.m. in Courtroom 6D. It is further

ORDERED that the time between the date of this Order and July 23, 2021, which is the last day of the July 12, 2021 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence pursuant to 18 U.S.C. § 3161(h).

**IT IS SO ORDERED.**

DATE: March 30, 2021 /s/ *W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE